# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**REGIONS BANK, successor by merger
to AMSOUTH BANK,** an Alabama banking
corporation

     **Plaintiff,**

**vs.**                                                              CASE NO. _____

**YAEGER COMEDY PROPERTY, LLC**
a Florida limited liability company;
**YAEGER COMEDY, LLC;**
an administratively dissolved Florida limited
liability company;
**DONALD YAEGER;**
**CITY OF TALLAHASSEE,** a Florida municipal corporation;
**FLORIDA DEPARTMENT OF REVENUE**

     **Defendants.**

---

## COMPLAINT

Regions Bank, ("Regions"), an Alabama state banking corporation, successor by merger to AmSouth Bank, an Alabama state banking corporation, by and through its undersigned attorneys, and pursuant to 28 U.S.C. §1332, sues Defendants, YAEGER COMEDY PROPERTY, LLC ("YCP LLC"), YAEGER COMEDY, LLC ("YC LLC"), DONALD YAEGER ("Yaeger"), CITY OF TALLAHASSEE and FLORIDA DEPARTMENT OF REVENUE and alleges:

## ALLEGATIONS COMMON TO ALL COUNTS

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, in that there is complete diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.      Plaintiff, Regions, is an Alabama state banking corporation, which, at all relevant times in this action, had its principal place of business in Birmingham, Alabama.

3.      Defendant, Yaeger Comedy Property, LLC, is a Florida limited liability company, which, at all times relevant to this action, was the owner of the real property in Leon County, Florida, which is the subject of this action (the "Subject Property"). Its sole member is Donald Yaeger, a Florida resident.

4.      Defendant, Yaeger Comedy, LLC, is an administratively dissolved Florida limited liability company, which, at all times relevant to this action, was the owner of the real property in Leon County, Florida, which is the subject of this action (the "Subject Property").   Its sole member is Donald Yaeger, a Florida resident.

5.      Defendant, Donald Yaeger, is an individual who, at all relevant times to this action, was a resident of the State of Florida.

6.      Defendant, City of Tallahassee is a Florida municipal corporation located in Leon County, Florida.

{A0724612.DOC }

7.    Defendant, Florida Department of Revenue is an agency of the State of Florida.

8.    Venue is appropriate in this Court pursuant to the provisions of 28 U.S.C. §1391 as the real property which is the subject of this lawsuit is situated in Leon County, Florida and the Defendants do business and reside in Leon County, Florida.

## COUNT I – BREACH OF LINE OF CREDIT AGREEMENT (450-5000335704)

9.    Regions realleges paragraphs 1 through 5 and 8 above and incorporates them herein by reference.

10.    On or about April 26, 2007, YC LLC executed and delivered to Regions that certain Business Flexline of Credit Agreement in the amount of $50,000.00.  A true and correct copy of the Line of Credit Agreement is attached hereto as **Exhibit 1.**

11.    In connection with the initial disbursement of its loan to YC LLC, on or about April 26, 2007, Donald Yaeger executed that certain Guaranty Agreement thereby unconditionally guaranteeing to Regions the due regular and punctual payment of all amounts owed by YC LLC pursuant to **Exhibit 1.**  A true and correct copy of the Guaranty Agreement is attached hereto as **Exhibit 2.**

12.    Regions is successor by merger to AmSouth Bank.

13.    Regions owns and holds **Exhibits 1 and 2.**

14.    YC LLC defaulted under the terms of **Exhibit 1** by failing to make the payment due on July 24, 2010 and all subsequent payments.

{A0724612.DOC }

15.    As a result of the aforementioned default, on or about August 25, 2010, Regions Bank declared all amounts due under **Exhibit 1** to be immediately due and payable and provided written demand to the Defendants of this election. A true and correct copy of said demand letter is attached hereto as **Exhibit 3**.

16.    As of September 16, 2010, YC LLC owes Plaintiff $48,993.27 that is due on principal, plus interest in the amount of $718.33, plus interest thereafter at the default rate in **Exhibit 1**, plus late fees of $149.83, plus any additional amounts advanced pursuant to the terms of **Exhibit 1**.

17.    As a result of the aforementioned breach, Regions has been damaged.

18.    All conditions precedent to the commencement of this action have occurred and/or otherwise been waived by Defendants.

19.    Regions has retained the undersigned attorneys to bring this action and is obligated to pay them a reasonable fee for their services in this matter. Defendants are liable to Plaintiff for the payment of reasonable attorneys' fees pursuant to the terms and conditions in the Loan Documents attached hereto.

WHEREFORE, Plaintiff, Regions Bank, demands judgment against Yaeger Comedy, LLC, for damages, interest, attorneys' fees, costs and any such other and further relief as the Court deems just and proper.

### COUNT II – BREACH OF PROMISSORY NOTE (730-7000037926)

20.    Plaintiff realleges paragraphs 1 through 5 and 8 above and incorporates them herein by reference.

{A0724612.DOC }

21.    On or about July 2, 2007, YC LLC executed and delivered to Regions that certain Promissory Note in the amount of $35,674.95. A true and correct copy of the Promissory Note is attached hereto as **Exhibit 4**.

22.    In connection with the initial disbursement of its loan to YC LLC, on or about July 2, 2007, YC LLC executed that certain Security Agreement granting a security interest in certain tangible personal property described in the Agreement. A true and correct copy of the Security Agreement is attached hereto as **Exhibit 5**.

23.    Plaintiff perfected their interest in that certain tangible personal property by filing a UCC-1 Financing Statement with the Florida Secretary of State. A copy of the UCC-1 is attached hereto as **Exhibit 6**.

24.    In connection with the initial disbursement of its loan to YC LLC, on or about July 2, 2007, Donald Yaeger executed that certain Guaranty Agreement thereby unconditionally guaranteeing to Regions the due regular and punctual payment of all amounts owed by YC LLC pursuant to **Exhibit 4**. A true and correct copy of the Guaranty Agreement is attached hereto as **Exhibit 7**.

25.    Regions is successor by merger to AmSouth Bank.

26.    Regions owns and holds **Exhibits 4 - 7**.

27.    YC LLC defaulted under the terms of **Exhibit 4** by failing to make the payment due on July 2, 2010 and all subsequent payments.

28.    As a result of the aforementioned default, on or about August 25, 2010, Regions Bank declared all amounts due under **Exhibit 4** to be immediately

{A0724612.DOC }

due and payable and provided written demand to the Defendants of this election. A true and correct copy of said demand letter is attached hereto as **Exhibit 8**.

29.    As of September 16, 2010, YC LLC owes Plaintiff $16,089.86 that is due on principal, plus interest in the amount of $388.48, plus interest thereafter at the default rate in **Exhibit 4**, plus late fees of $44.00, plus any additional amounts advanced pursuant to the terms of **Exhibit 4**.

30.    As a result of the aforementioned breach, Regions has been damaged.

31.    All conditions precedent to the commencement of this action have occurred and/or otherwise been waived by Defendants.

32.    Regions has retained the undersigned attorneys to bring this action and is obligated to pay them a reasonable fee for their services in this matter. Defendants are liable to Plaintiff for the payment of reasonable attorneys' fees pursuant to the terms and conditions in the Loan Documents attached hereto.

WHEREFORE, Plaintiff, Regions Bank, demands judgment against Yaeger Comedy, LLC, for damages, interest, attorneys' fees, costs and any such other and further relief as the Court deems just and proper.

## COUNT III – REPLEVIN

33.    Plaintiff realleges paragraphs 1 through 5 and 8 above and incorporates them herein by reference.

34.    This is an action to recover possession of personal property located in Leon County, Florida.

{A0724612.DOC }

35.    On or about July 2, 2007, YC LLC executed and delivered to Regions that certain Promissory Note in the amount of $35,674.95. A true and correct copy of the Promissory Note is attached hereto as **Exhibit 4**.

36.    In connection with the initial disbursement of its loan to YC LLC, on or about July 2, 2007, YC LLC executed that certain Security Agreement granting a security interest in certain tangible personal property described in the Agreement. A true and correct copy of the Security Agreement is attached hereto as **Exhibit 5**.

37.    Plaintiff perfected their interest in that certain tangible personal property by filing a UCC-1 Financing Statement with the Florida Secretary of State. A copy of the UCC-1 is attached hereto as **Exhibit 6**.

38.    YC LLC defaulted under the terms of **Exhibit 4** by failing to make the payment due on July 2, 2010 and all subsequent payments.

39.    As a result of the aforementioned default, on or about August 25, 2010, Regions Bank declared all amounts due under **Exhibit 4** to be immediately due and payable and provided written demand to the Defendants of this election. A true and correct copy of said demand letter is attached hereto as **Exhibit 8**.

40.    As of September 16, 2010, YC LLC owes Plaintiff $16,089.86 that is due on principal, plus interest in the amount of $388.48, plus interest thereafter at the default rate in **Exhibit 4**, plus late fees of $44.00, plus any additional amounts advanced pursuant to the terms of **Exhibit 4**.

{A0724612.DOC }

41. As a result of the aforementioned breach, Regions has been damaged.

42. All conditions precedent to the commencement of this action have occurred and/or otherwise been waived by Defendants.

43. In light of the default, and pursuant to the terms of **Exhibit 4**, Regions is entitled to immediate possession of the following Collateral:

> (a) all equipment of YC LLC and proceeds thereof; all accessories, parts and equipment affixed thereto or used in connection therewith;
>
> (b) any and all accessions and additions to any of the Collateral, any repair parts, substitutions and replacements therefore, and all attachments and improvements placed upon or used in connection therewith;
>
> (c) any and all embedded software (to the extent provide for in Article 9 of the UCC);
>
> (d) all books and records and general intangibles (including software to the extent such software is not embedded) pertaining to any of the Collateral;
>
> (e) and all proceeds and products of any of the foregoing.

44. The collateral is located in Leon County, Florida. The value of the Collateral to the best of Plaintiff's knowledge and belief is less than $35,000.00.

45. YC LLC came into possession of the collateral by acquiring the same with the credit extending pursuant to the loan documents attached hereto.

46. YC LLC has wrongfully detained the Collateral for the purpose of frustrating and hindering the collection efforts of Regions.

{A0724612.DOC }

47.    The Collateral has not been taken for any tax, assessment or fine pursuant to law.

48.    The Collateral has not been taken under any execution or attachment against the property of Regions.

WHEREFORE, Plaintiff, Regions Bank respectfully requests this Court order the issuance of a pre-judgment writ of replevin of the Collateral in favor of REGIONS BANK, and for such other and further relief that the Court deems just and proper.

### **COUNT IV – BREACH OF PROMISSORY NOTE (733-7000087734)**

49.    Plaintiff realleges paragraphs 1 through 5 and 8 above and incorporates them herein by reference.

50.    On or about February 2, 2009, YC LLC executed and delivered to Regions that certain Promissory Note in the amount of $101,270.87.  A true and correct copy of the Promissory Note is attached hereto as **Exhibit 9**.

51.    In connection with the initial disbursement of its loan to YC LLC, on or about February 2, 2009, YC LLC executed that certain Assignment of Rents granting a security interest in rents from the property described in the Assignment.   A true and correct copy of the Assignment of Rents is attached hereto as **Exhibit 10**.

52.    Plaintiff perfected their interest in the right to receive rents by filing a UCC-1 Financing Statement with the Florida Secretary of State.  A copy of the UCC-1 is attached hereto as **Exhibit 11**.

{A0724612.DOC }

53.     In connection with the initial disbursement of its loan to YC LLC, on or about February 2, 2009, Donald Yaeger executed that certain Commercial Guaranty Agreement thereby unconditionally guaranteeing to Regions the due regular and punctual payment of all amounts owed by YC LLC pursuant to **Exhibit 9**.  A true and correct copy of the Guaranty Agreement is attached hereto as **Exhibit 12**.

54.     Regions is successor by merger to AmSouth Bank.

55.     Regions owns and holds **Exhibits 9 - 12**.

56.     YC LLC defaulted under the terms of **Exhibit 9** by failing to make the payment due on May 15, 2010 and all subsequent payments.

57.     As a result of the aforementioned default, on or about August 25, 2010, Regions Bank declared all amounts due under **Exhibit 9** to be immediately due and payable and provided written demand to the Defendants of this election. A true and correct copy of said demand letter is attached hereto as **Exhibit 13**.

58.     As of September 15, 2010, YC LLC owes Plaintiff $97,339.32 that is due on principal, plus interest in the amount of $3,268.70, plus interest thereafter at the default rate in **Exhibit 9**, plus late fees of $191.80, plus any additional amounts advanced pursuant to the terms of **Exhibit 9**.

59.     As a result of the aforementioned breach, Regions has been damaged.

60.     All conditions precedent to the commencement of this action have occurred and/or otherwise been waived by Defendants.

{A0724612.DOC }

61.    Regions has retained the undersigned attorneys to bring this action and is obligated to pay them a reasonable fee for their services in this matter. Defendants are liable to Plaintiff for the payment of reasonable attorneys' fees pursuant to the terms and conditions in the Loan Documents attached hereto.

WHEREFORE, Plaintiff, Regions Bank, demands judgment against Yaeger Comedy, LLC, for damages, interest, attorneys' fees, costs and any such other and further relief as the Court deems just and proper.

### COUNT V – BREACH OF PROMISSORY NOTE (735-7500065778)

62.    Plaintiff realleges paragraphs 1 through 5 and 8 above and incorporates them herein by reference.

63.    On or about February 20, 2007, YCP LLC executed and delivered to Regions that certain Promissory Note in the amount of $945,000.  A true and correct copy of the Promissory Note is attached hereto as **Exhibit 14**.

64.    In connection with the initial disbursement of its loan to YC LLC, on or about February 20, 2009, YCP LLC executed that certain Mortgage and Security Agreement granting a security interest real and personal property more particularly described in the Mortgage.  The Mortgage is recorded at Official Records Book 3660, Page 829 of the public records of Leon County, Florida.  A true and correct copy of the Mortgage is attached hereto as **Exhibit 15**.

65.    In connection with the initial disbursement of its loan to YCP LLC, on or about February 20, 2007, Donald Yaeger executed that certain Guaranty Agreement thereby unconditionally guaranteeing to Regions the due regular and

{A0724612.DOC }

punctual payment of all amounts owed by YCP LLC pursuant to **Exhibit 14**. A true and correct copy of the Guaranty Agreement is attached hereto as **Exhibit 16**.

66.     Regions is successor by merger to AmSouth Bank.

67.     Regions owns and holds **Exhibits 14 - 16**.

68.     YCP LLC defaulted under the terms of **Exhibit 14** by failing to make the payment due on May 20, 2010 and all subsequent payments.

69.     As a result of the aforementioned default, on or about August 25, 2010, Regions Bank declared all amounts due under **Exhibit 14** to be immediately due and payable and provided written demand to the Defendants of this election. A true and correct copy of said demand letter is attached hereto as **Exhibit 17**.

70.     As of September 16, 2010, YCP LLC owes Plaintiff $978,828.55 that is due on principal, plus interest in the amount of $28,603.82, plus interest thereafter at the default rate in **Exhibit 14**, plus late fees of $1,000.00, plus any additional amounts advanced pursuant to the terms of **Exhibit 14**.

71.     As a result of the aforementioned breach, Regions has been damaged.

72.     All conditions precedent to the commencement of this action have occurred and/or otherwise been waived by Defendants.

73.     Regions has retained the undersigned attorneys to bring this action and is obligated to pay them a reasonable fee for their services in this matter.

{A0724612.DOC }

Defendants are liable to Plaintiff for the payment of reasonable attorneys' fees pursuant to the terms and conditions in the Loan Documents attached hereto.

WHEREFORE, Plaintiff, Regions Bank, demands judgment against Yaeger Comedy Property, LLC, for damages, interest, attorneys' fees, costs and any such other and further relief as the Court deems just and proper.

<u>**COUNT VI – MORTGAGE FORECLOSURE**</u>

74.     Plaintiff realleges paragraphs 1 through 8 above and incorporates them herein by reference.

75.     On or about February 20, 2007, YCP LLC executed and delivered to Regions that certain Promissory Note in the amount of $945,000.  A true and correct copy of the Promissory Note is attached hereto as **Exhibit 14**.

76.     In connection with the initial disbursement of its loan to YC LLC, on or about February 20, 2009, YCP LLC executed that certain Mortgage and Security Agreement granting a security interest real and personal property more particularly described in the Mortgage.  The Mortgage is recorded at Official Records Book 3660, Page 829 of the public records of Leon County, Florida.  A true and correct copy of the Mortgage is attached hereto as **Exhibit 15**.  The mortgaged property described in the mortgage was then owned by and in possession of YCP, LLC.

77.     In connection with the initial disbursement of its loan to YCP LLC, on or about February 20, 2007, Donald Yaeger executed that certain Guaranty Agreement thereby unconditionally guaranteeing to Regions the due regular and

punctual payment of all amounts owed by YCP LLC pursuant to **Exhibit 14**. A true and correct copy of the Guaranty Agreement is attached hereto as **Exhibit 16**.

78.     Regions is successor by merger to AmSouth Bank.

79.     Regions owns and holds **Exhibits 14 - 16**.

80.     The property is now owned by YCP LLC who holds possession.

81.     YCP LLC defaulted under the terms of **Exhibit 14** by failing to make the payment due on May 20, 2010 and all subsequent payments.

82.     As a result of the aforementioned default, on or about August 25, 2010, Regions Bank declared all amounts due under **Exhibit 14** to be immediately due and payable and provided written demand to the Defendants of this election. A true and correct copy of said demand letter is attached hereto as **Exhibit 17**.

83.     As of September 15, 2010, YCP LLC owes Plaintiff $978,828.55 that is due on principal, plus interest in the amount of $28,603.82, plus interest thereafter at the default rate in **Exhibit 14**, plus late fees of $1,000.00, plus any additional amounts advanced pursuant to the terms of **Exhibit 14**.

84.     As a result of the aforementioned breach, Regions has been damaged.

85.     Defendant, City of Tallahassee may claim an interest in the subject property by virtue of that certain Promissory Note and Lien Agreement; however, any interest it may claim is subordinate and inferior to Plaintiff's mortgage lien

{A0724612.DOC }

being foreclosed.  A copy of the City of Tallahassee's Promissory Note and Lien Agreement is attached hereto as **Exhibit 18**.

86.   Defendant, Florida Department of Revenue may claim an interest in the subject property by virtue of that certain Tax Warrant; however any interest it may claim is subordinate and inferior to Plaintiff's mortgage lien being foreclosed. A copy of the Florida Department of Revenue's Tax Warrant is attached hereto as **Exhibit 19**.

87.   All conditions precedent to the commencement of this action have occurred and/or otherwise been waived by Defendants.

88.   Regions has retained the undersigned attorneys to bring this action and is obligated to pay them a reasonable fee for their services in this matter. Defendants are liable to Plaintiff for the payment of reasonable attorneys' fees pursuant to the terms and conditions in the Loan Documents attached hereto.

WHEREFORE, Plaintiff, Regions Bank, demands judgment foreclosing its mortgage and security interest liens and if the proceeds of the sale are insufficient to pay Plaintiff's claim, a deficiency judgment against Yaeger Comedy Property, LLC and Donald Yaeger for damages, interest, attorneys' fees, costs and any such other and further relief as the Court deems just and proper.

## COUNT VII – BREACH OF GUARANTY AGREEMENT
## AGAINST DONALD YAEGER

89.   Plaintiff realleges paragraphs 1 through 32; 49 through 73 and 74 through 88 above and incorporates them herein by reference.

{A0724612.DOC }

90.     Donald Yaeger executed and delivered to Regions those certain Guaranty Agreements unconditionally guaranteeing the due, regular and punctual payment to Regions Bank of all amounts owed under the Loan Documents executed by YC LLC and YCP LLC.   A copy of the Guaranty Agreements are attached as **Exhibits 2, 7, 12 and 16.**

91.     Regions owns and holds the Loan Documents and **Exhibits 2, 7, 12 and 16** and is entitled to enforce the rights and remedies provided for therein under the law of the State of Florida.

92.     Defendant, Donald Yaeger is obligated under **Exhibits 2, 7, 12 and 16** for all of the amounts owed by YC LLC and YPC LLC set forth above, and a reasonable attorney's fee and costs.   As a result, Plaintiff is entitled to a judgment against Donald Yaeger for all damages incurred as a result of YC LLC and YPC LLC's breach.

93.     As of September 15, 2010, Defendant, Yaeger owes Plaintiff $1,141,251.00 that is due on principal, plus interest in the amount of $32,979.33, plus interest thereafter at the default rates set forth under the Loan Documents, plus late fees of $1,385.63, plus any additional amounts advanced pursuant to the terms of the Loan Documents.

94.     As a result of the aforementioned breach, Regions has been damaged.

95.     All conditions precedent to the commencement of this action have occurred and/or otherwise been waived by Defendants.

{A0724612.DOC }

96.     Regions has retained the undersigned attorneys to bring this action and is obligated to pay them a reasonable fee for their services in this matter. Defendants are liable to Plaintiff for the payment of reasonable attorneys' fees pursuant to the terms and conditions in the Loan Documents attached hereto.

97.     In accordance with the Guaranty Agreement, Donald Yaeger is liable to Regions for all amounts due under the Loan Documents, including Regions' attorneys' fees, court costs and legal expenses paid or incurred by Regions in enforcing the obligations set forth therein.

WHEREFORE, Plaintiff, Regions Bank, demands judgment against Defendant Donald Yaeger for damages, interest, attorneys' fees, the costs of this action and such other and relief as the Court deems just and proper.

## COUNT VIII- BREACH OF CREDIT AGREEMENT
## AGAINST DONALD YAEGER (553-5004728488)

98.     Plaintiff realleges paragraphs 1 - 2 and 5 and 8 above and incorporates them herein by reference.

99.     On or about August 2, 2007, Donald Yaegar executed and delivered to Regions that certain Unsecured Private Client Credit Agreement in the amount of $50,000.00. A true and correct copy of the Credit Agreement is attached hereto as **Exhibit 20**.

100.    Regions is successor by merger to AmSouth Bank.

101.    Regions owns and holds **Exhibit 20**.

102.    Yaeger defaulted under the terms of **Exhibit 20** by failing to make the payment due on September 5, 2010 and all subsequent payments.

{A0724612.DOC }

103.   As a result of the aforementioned default, Regions Bank declared all amounts due under **Exhibit 20** to be immediately due and payable.

104.   As of September 16, 2010, Yaeger owes Plaintiff $48,559.13 that is due on principal, plus interest in the amount of $297.61, plus interest thereafter at the default rate in **Exhibit 20**, plus late fees of $50.00, plus any additional amounts advanced pursuant to the terms of **Exhibit 20**.

105.   As a result of the aforementioned breach, Regions has been damaged.

106.   All conditions precedent to the commencement of this action have occurred and/or otherwise been waived by Defendants.

107.   Regions has retained the undersigned attorneys to bring this action and is obligated to pay them a reasonable fee for their services in this matter. Defendants are liable to Plaintiff for the payment of reasonable attorneys' fees pursuant to the terms and conditions in the Loan Documents attached hereto.

WHEREFORE, Plaintiff, Regions Bank, demands judgment against Donald Yaeger, for damages, interest, attorneys' fees, costs and any such other and further relief as the Court deems just and proper.

## <u>COUNT IX – REESTABLISHMENT OF LOST PROMISSORY NOTE</u>

108.   This is an action to reestablish lost instruments pursuant to § 673.3091, Florida Statutes.

{A0724612.DOC }

109.   On or about July 2, 2007, YC LLC executed and delivered to Regions that certain Promissory Note in the amount of $35,674.95.  A true and correct copy of the Promissory Note is attached hereto as **Exhibit 4**.

110.   On or about February 2, 2009, YC LLC executed and delivered to Regions that certain Promissory Note in the amount of $101,270.87.  A true and correct copy of the Promissory Note is attached hereto as **Exhibit 9**.

111.   On or about February 20, 2007, YCP LLC executed and delivered to Regions that certain Promissory Note in the amount of $945,000.  A true and correct copy of the Promissory Note is attached hereto as **Exhibit 14**.

112.   The original notes have been lost, remain unsatisfied, and are no longer under the custody and control of Plaintiff.

113.   Plaintiff was in possession of the original notes at the time they were lost and is entitled to enforce the same.  Plaintiff is not certain the exact time and date when the original notes were lost.

114. ·  The loss of possession of the original notes was not the result of a transfer by Plaintiff or of lawful seizure.

115.   Plaintiff cannot reasonably obtain possession of the original notes because their whereabouts cannot be determined at this time.

116.   Plaintiff is presently entitled to enforce **Exhibits 4, 9 and 14.**

117.   Other than defendants, Plaintiff knows of no other parties that are interested in reestablishing **Exhibits 4, 9 and 14.**

{A0724612.DOC }

118.   Plaintiff is prepared to provide such adequate protection as is legally required.

WHEREFORE, Plaintiff, Regions Bank, demands judgment reestablishing **Exhibits 4, 9 and 14** to have the force and effect of the original note and for such other and further relief as the Court deems just and proper.

## COUNT X- REESTABLISHMENT OF LOST DOCUMENTS

119.   This is an action to reestablish   lost documents pursuant to § 71.011, Florida Statutes.

120.   On or about April 26, 2007, YC LLC executed and delivered to Regions that certain Business Flexline of Credit Agreement in the amount of $50,000.00.  A true and correct copy of the Line of Credit Agreement is attached hereto as **Exhibit 1**.

121.   On or about August 2, 2007, Donald Yaegar executed and delivered to Regions that certain Unsecured Private Client Credit Agreement in the amount of $50,000.00.  A true and correct copy of the Credit Agreement is attached hereto as **Exhibit 20**.

122.   The original agreements have been lost, remain unsatisfied, and are no longer under the custody and control of Plaintiff.

123.   Plaintiff was in possession of the original agreements at the time they were lost and is entitled to enforce the same.  Plaintiff is not certain the exact time and date when the original agreements were lost.

{A0724612.DOC }

124. The loss of possession of the original agreements was not the result of a transfer by Plaintiff or of lawful seizure.

125. Plaintiff cannot reasonably obtain possession of the original agreements because their whereabouts cannot be determined at this time.

126. Plaintiff is presently entitled to enforce **Exhibits 1 and 20.**

127. Other than defendants, Plaintiff knows of no other parties that are interested in reestablishing **Exhibits 1 and 20**.

128. Plaintiff is prepared to provide such adequate protection as is legally required.

WHEREFORE, Plaintiff, Regions Bank, demands judgment reestablishing **Exhibits 1 and 20** to have the force and effect of the original note and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 20th day of September, 2010.

/s/ Megan F. Fry_____
**KEITH L. BELL, JR.**
Fla. Bar. No. 573809
kbell@cphlaw.com
**MEGAN F. FRY**
Fla. Bar No. 0058608
mfry@cphlaw.com
CLARK, PARTINGTON, HART, LARRY,
  BOND & STACKHOUSE
P. O. Box 13010
Pensacola, FL  32591-3010
Tel:   850-434-9200
Fax:   850-432-7340

{A0724612.DOC }